[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2010
JOHN LEY
CLERK

No. 08-12610

D.C. Docket No. 06-00260-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAMELA LYNN GANEY HYATT,
MICHAEL LAIRD HYATT,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Alabama

(March 9, 2010)

Before BLACK, MARCUS and HIGGINBOTHAM,[*] Circuit Judges.

PER CURIAM:

Michael and Pamela Hyatt – husband and wife – filed for bankruptcy half-a-dozen times from 2001-2006. The government became suspicious when the income reported in the couple's bankruptcy filings did not match the income reported in their tax forms. A federal grand jury issued a 19-count superseding indictment, generally charging the Hyatts with: (1) conspiring fraudulently to conceal information from a bankruptcy court;[1] (2) committing bankruptcy fraud;[2] and (3) making false statements during the course of the six bankruptcies.[3]

The Hyatts conceded that their bankruptcy filings contained false statements, but they pleaded that the falsehoods were mistakes; that they lacked criminal scienter;[4] that they had wrongly "guesstimated" their income or their attorneys had made scrivener's errors. At trial both Hyatts took the stand, arguing they would never

---

[*] Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

[1] 18 U.S.C. § 371.

[2] 18 U.S.C. § 152(1) & (3).

[3] 18 U.S.C. §§ 152(2) & 1519.

[4] The government needed to prove the Hyatts acted "knowingly."

be so audacious as to put accurate income on a tax return and then lie about the amounts in bankruptcy.

Unpersuaded, the jury convicted both defendants under the conspiracy charge and each under some – but not all – of the freestanding fraud and perjury charges. The district court sentenced Pamela to 12 months and Michael to 60 months in prison and ordered $4,020,243.22 in restitution. The couple appealed, and we affirm.[5]

The Hyatts urge that the evidence cannot support a conviction on any of the charges but ultimately do little more than ask this court to credit their side of the story instead of the prosecution's. This we cannot do, for we review "the sufficiency of the evidence de novo and view the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in favor of the government to determine whether a reasonable jury could convict."[6] With this standard in mind, the Hyatts muster but two contentions approaching the plausible.

---

[5] The Hyatts have raised a host of issues, including: the sufficiency of the evidence; the propriety and amount of the restitution; the trial judge's impartiality and evidentiary rulings; and the validity of the indictment. We have given careful consideration to each of the arguments and find them lacking in merit. "Those not specifically addressed in our opinion do not merit discussion," *United States v. Rapp*, 871 F.2d 957, 968 n.16 (11th Cir. 1989), *overruled on other grounds by United States v. De Castro*, 113 F.3d 176, 179 (11th Cir. 1997), and we affirm essentially for the reasons stated in the district court's restitution order and in the order denying the Hyatts' motions for judgment of acquittal, for dismissal, or for new trial.

[6] *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008).

Pamela urges that the jury should not have convicted her for Count 17: making a false entry in a bankruptcy record.[7] The alleged conduct involved omitting tens-of-thousands of dollars in gambling winnings from her bankruptcy form, money Pamela states she never thought to include. She gave her lawyer her tax documents – which contained the gambling information – but he failed to record the winnings in the bankruptcy form's "other income" category. Both she and her lawyer testified as much. The lawyer further testified that he told Pamela to review the documents to ensure their accuracy – and warned her of perjury. Although the jury could have credited her testimony, it did not[8] – and reasonably could have found guilt beyond a reasonable doubt.

As for the conspiracy convictions, Michael argues that he never talked to his wife about falsifying the bankruptcy filings. Pamela, for her part, explained that she merely signed forms her husband told her to endorse.

"It is well-settled that the existence of an agreement in a conspiracy case is rarely proven by direct evidence . . . . Indeed, because the crime of conspiracy is

---

[7] 18 U.S.C. § 1519.

[8] *See United States v. Williams*, 527 F.3d 1235, 1245 (11th Cir. 2008) ("[T]he jurors were the sole judges of credibility and were free to discredit her testimony and reject her good faith defense.").

predominantly mental in composition, it is frequently necessary to resort to circumstantial evidence to prove its elements. . . . [I]t is not enough to discard a jury's finding of a conspiracy simply because the government did not present direct evidence of an illegal agreement."[9]  Rather, the meeting of the criminal minds "may be inferred from the relationship of the parties, their overt acts and concert of action, and the totality of their conduct."[10]  Considering the Hyatts' close personal and professional relationship and their admission to the numerous overt acts of deception – even if not to a criminal mens rea – the prosecution presented evidence sufficient for a reasonable jury to convict.

　　AFFIRMED.

---

[9] *United States v. Pineiro*, 389 F.3d 1359, 1369 (11th Cir. 2004) (citations and quotation marks omitted).

[10] *United States v. Schwartz*, 541 F.3d 1331, 1361 (11th Cir. 2008).